IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        CASE NO. 1:01-cr-00048-MP-AK
                                                  1:03-cr-00025-MP-AK

MIGUEL ANGEL FERNANDEZ,

    Defendant.

_____/

**O R D E R**

As stated in the order at Doc. 241, Mr. Fernandez, during a hearing on Wednesday, August 4, 2010, admitted to the violations alleged in the petition at Doc. 229 in case number 1:01-cr-00048. The Court found Mr. Fernandez guilty of violating his supervised release in that case and orally imposed a sentence of eleven months imprisonment. The Court also indicated that no further term of supervised release would be imposed in 1:01-cr-00048. The Court was silent as to 1:03-cr-00025 because, as explained more fully in the order at Doc. 241, the term of supervised release in that case has not yet begun to run.

The Court declined to enter a written judgment and sentence at that time, however, because it was concerned that previous actions by probation or the Court (as explained in Doc. 241) might have confused Defendant regarding the interplay between the terms of supervised release in 1:01-cr-00048 and 1:03-cr-00025. Additionally, the order at Doc. 241 stated:

> Because of the potential confusion present in these two cases, and the desire to handle any resulting issues directly, and not through habeas or other mechanisms, the Court will allow the Defendant to file a memorandum, if the Defendant seeks to challenge the Court's interpretation of the consecutive nature of the supervised release or if the knowledge of the consecutive nature of the supervised release changes the Defendant's decision to admit the violations. The public defender continues to be appointed under the order at Doc. 236 for this purpose.

Any memorandum must be filed by Friday, September 10, 2010. Failure to file a memorandum may be construed as a waiver of any challenge to the Court's interpretation. The government shall file a memorandum in response to any filed by the defendant, within 14 days of the filing of the Defendant's motion.

The specified date has passed and no memorandum has been filed by the Defendant.

Accordingly, the Clerk is directed to enter judgment in case number 1:01-cr-00048, revoking supervised release and imposing 11 months imprisonment with no further supervised release in 1:01-cr-00048. The supervised release imposed in 1:03-cr-00025 remains unaffected and remains in full force and effect and the term of supervised release imposed therein shall be served in full upon defendant's release from imprisonment for the 1:01-cr-00048 case. A copy of this order shall be filed in both cases.

**DONE AND ORDERED** this  _28th_   day of October, 2010

            *s/Maurice M. Paul*
           Maurice M. Paul, Senior District Judge